UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-22437-KMM

CCA BAHAMAS LTD.,

    Plaintiff,

v.

CONQUEST FINANCIAL MANAGEMENT
CORPORATION, *a Florida Corporation doing
business as* SOURCE OUTDOOR,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiff CCA Bahamas Ltd.'s Motion for Summary Judgment as to its breach of contract claim. *Mot*. (ECF No. 39). Defendant Conquest Financial Management Corporation filed a Response. (ECF No. 41). Plaintiff filed a Reply. (ECF No. 42). The motion is now ripe for review. For the reasons stated below, the Motion is GRANTED.

## I.   BACKGROUND[1]

In January 2017, Plaintiff—a general contractor developing a luxury resort in the Bahamas—agreed to purchase 1,420 chairs from Defendant for $390,500 and executed a purchase order. *Statement of Undisputed Facts* (ECF No. 39 ¶ 1). Plaintiff paid Defendant the $390,500 purchase price. *Id*. at ¶ 3. Defendant acknowledged receipt of Plaintiff's payment. *Id*. at ¶ 4. In February 2017, Defendant advised Plaintiff that the chairs were in production. *Id*. at

---

[1] Because Defendant neglected to dispute Plaintiff's statement of undisputed facts, the Court deems the facts set forth below admitted as they are supported by evidence in the record. *See Crespo v. Midland Credit Mgmt., Inc.*, 689 F. App'x 944, 945 (11th Cir. 2017).

¶ 5. But Defendant never delivered the chairs to Plaintiff and did not return Plaintiff's payment. *Id*. at ¶¶ 7–8. Because Defendant never delivered the chairs, Plaintiff purchased chairs from a different vendor for $424,580—$34,080 more than Plaintiff had paid Defendant. *Id*. at ¶ 13. Based on the foregoing, Plaintiff moves for summary judgment on its breach of contract claim. *Mot*. at 6–8.

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc*., 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable

minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.    DISCUSSION**

Plaintiff contends that the undisputed facts establish breach of contract. *Mot*. at 6–8. To establish breach of contract under Florida law, a plaintiff must demonstrate "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th Ct. App. 2008)). "To prove the existence of a contract [a plaintiff must establish] (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *See id*. (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). At base "[t]he creation of a contract requires . . . mutual assent to a certain and definite proposition." *Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, 683 F. App'x 764, 767 (11th Cir. 2017) (citing *ABC Liquors, Inc. v. Centimark Corp.*, 967 So.2d 1053, 1056 (Fla. Dist. Ct. App. 2007)). Here, the undisputed facts establish breach of contract: Defendant agreed to sell Plaintiff 1,420 chairs for $390,500; Plaintiff paid for the chairs; Defendant neither delivered the chairs nor returned Plaintiff's money; and Plaintiff had to purchase similar chairs from a different vendor at a higher cost. *Statement of Undisputed Facts* at ¶¶ 1–8, 13.

Defendant argues that summary judgment is inappropriate because the Court should consider extrinsic evidence—a December 2016 email exchange between Defendant and

Plaintiff—that allegedly reveals Plaintiff's promise to pay Defendant for the Resort's previously accrued outstanding balance. *Response* at 6–11. Under Florida law, which recognizes the parol evidence rule, "the terms of a valid written contract cannot be varied by a verbal agreement or other extrinsic evidence where the agreement was made before or at the time of the contract's execution." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1326 (11th Cir. 2014) (internal quotation omitted). Consequently, the Court cannot consider Plaintiff's alleged promise to pay outstanding debts, memorialized in the December 2016 email exchange, because it predated the January 2017 purchase order. *See id*. Because the Court cannot consider Plaintiff's alleged promise to pay outstanding debts, Defendant's claim that it is entitled to a set off for those unpaid outstanding debts likewise fails. *See id*.

Defendant next argues that the purchase order lacks sufficient specification of an essential term: the required delivery date. *Response* at 5–11. "It is not necessary that all details of an agreement be fixed in order to have a binding agreement between parties." *Aldora*, 683 F. App'x at 767 (quoting *Irby v. Memorial Healthcare Grp.*, 901 So.2d 305, 306 (Fla. Dist. Ct. App. 2005). Instead, the central question is whether the essential terms of the contract are sufficient to determine whether the agreement has been kept or broken. *Id*. (citing *David v. Richman*, 568 So.2d 922, 924 (Fla. 1990). Here, the purchase order required that Defendant ship the chairs "immediately," and Defendant concedes that it never shipped the chairs. *Purchase Order* (ECF No. 39-1) (Exhibit A); *Response* at 10. This is sufficient for the Court to conclude that Defendant broke the agreement. *See Aldora*, 683 F. App'x at 767.

Finally, Defendant states that Plaintiff failed to timely mitigate damages. *Response* at 12. Nothing in the record suggests that Plaintiff failed to reasonably mitigate damages—Plaintiff purchased similar chairs from another vendor who charged Plaintiff $34,080, a relatively small

price increase when compared to the overall cost of the chairs—and Defendant does not dispute that Plaintiff paid $424,580.00 for replacement chairs. *Id.* at 12.  In any event, the Court concludes that Defendant has waived or abandoned any mitigation argument by failing to provide a single citation to statutory or case law and framing its mitigation "argument" as a question for the Court: "Did [Plaintiff] timely mitigate any damages, and does a failure to promptly 'cover' or mitigate damages affect a right to recovery of the additional amount paid of $34,080?"  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("The failure to make arguments and cite authorities in support of an issue waives it.").

### IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED.  It is further ORDERED that Plaintiff is entitled to recover from Defendant $424,580.00 plus prejudgment and postjudgment interest at the statutory rate.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of April, 2017.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      All counsel of record

---

[2] The Court concludes that prejudgment interest is equitable.  *See Wiand v. Lee*, 753 F.3d 1194, 1204–05 (11th Cir. 2014) (under Florida law, prejudgment interest is an element of pecuniary damages).