**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-CIV-22437-MOORE/BECERRA

CCA Bahamas, Ltd.,

    Plaintiff,

v.

CONQUEST FINANCIAL MANGEMENT
CORPORATION, A Florida Corporation
Doing Business As SOURCE OUTDOOR,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO COMMENCE PROCEEDINGS SUPPLEMENTARY
AND FOR APPOINTMENT OF SPECIAL MAGISTRATE**

THIS CAUSE came before the Court on Plaintiff CCA Bahamas, Ltd.'s ("Plaintiff") Motion to Commence Proceedings Supplementary and for Appointment of Special Magistrate ("Motion"). ECF No. 60. Defendant Conquest Financial Management Corporation ("Defendant") filed its Response in Opposition to Plaintiff's Motion ("Response") on September 24, 2018. ECF No. 61. Defendant also filed a Supplement to its Response on September 26, 2018. ECF No. 62. Plaintiff filed its Reply to Defendant's Response in Opposition on October 1, 2018. ECF No. 63. Plaintiff's Motion is now ripe for disposition.[1] Therefore, upon consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion should be **GRANTED**, in part, and **DENIED**, in part, for the reasons set forth below.

---

[1] The Honorable Chief Judge K. Michael Moore referred Plaintiff's Motion to the undersigned to issue a Report and Recommendation. ECF No. 65.

1

### I.  BACKGROUND

This action involves claims by Plaintiff—a general contractor developing a luxury resort in the Bahamas—against Defendant due to Defendant's failure to deliver 1,420 chairs ordered and paid for by Plaintiff.  On April 28, 2018, the Court granted Plaintiff's Motion for Summary Judgment as to the remaining claim for breach of contract.[2]  ECF No. 50.  On May 20, 2018, the Court entered Final Judgment in favor of Plaintiff in the total amount of $454,462.78.  ECF No. 54.  On August 7, 2018, the Court issued a Writ of Execution, ECF No. 59, which Plaintiff contends is valid and outstanding.  ECF No. 60.  Specifically, Plaintiff's counsel states in his Affidavit in Support of Plaintiff's Motion to Commence Proceedings Supplementary that Plaintiff's judgment "remains unsatisfied."  ECF No. 60-1.  Defendant, however, argues that "Plaintiff has not represented that the writ of execution was returned unsatisfied, or even that execution of the writ itself was attempted."  ECF No. 61.

### II.  ANALYSIS

#### A.  Proceedings Supplementary

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located […]."  Florida Statute § 56.29 sets forth the procedure for proceedings supplementary.  *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F. 3d 1485, 1496 n. 22 (11th Cir. 1997).  "Florida courts have developed two jurisdictional prerequisites for supplementary proceedings under § 56.29: (1) an unsatisfied writ

---

[2] The Complaint alleged one count for breach of contract (Count I) and two counts of fraud (Counts II and III).  Prior to the Court granting Plaintiff's Motion for Summary Judgment, Plaintiff voluntarily withdrew Count II.  ECF No. 47.  The Court also had dismissed Count III with prejudice when it granted, in part, Defendant's Motion to Dismiss.  ECF No. 37.

of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to be impleaded." *Office Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582-CIV, 2011 WL 1674963, at *2 (S.D. Fla. May 3, 2011); *Luxor Agentes Autonomos de Investimientos, Ltda. v. Intertransfers, Inc.*, No. 1:12-CV-20664, 2013 WL 12247566, at *3 (S.D. Fla. Aug. 5, 2013); Fla. Stat. § 56.29. No other showing is needed. *Luxor*, 2011 WL 1674963, at *2.

Plaintiff has complied with the necessary statutory requirements to commence proceedings supplementary. Plaintiff has filed a motion and affidavit clearly stating that its judgment in the amount of $454,462.78 remains "unsatisfied" and the execution remains "valid and outstanding." *See* ECF Nos. 60, 60-1. Accordingly, under Florida law, the two jurisdictional prerequisites for proceedings supplementary under § 56.29 have been satisfied.[3]

Defendant contends that Plaintiff's Motion should be denied because it is premature to commence proceedings supplementary at this time. ECF No. 6. Specifically, Defendant argues that "Plaintiff has not represented that the writ of execution was returned unsatisfied." Defendant suggests that execution of the writ was not even attempted because no U.S. Marshal or anyone else attempted to serve the writ of execution. ECF No. 61 at 1 & 4. Defendant relies on *Moffatt & Nichol, Inc. v. B.E.A. International Corp.*, 48 So. 3d 896, 897 (Fla. 3d DCA 2010), for the proposition that "a jurisdictional prerequisite to employing the statutory procedure is the return of an unsatisfied writ of execution." ECF. No. 61 at 3-4. Defendant also relies on *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008), a case cited by *Moffatt*.

As the court noted in *Luxor*, "[t]hough *Mejia* and *Moffatt* state that a returned unsatisfied writ is required, their holdings are premised on outdated case law." 2011 WL 1674963, at *3. The

---

[3] Plaintiff has not moved to implead any third parties at this time. Therefore, the requirement of listing third parties to be impleaded is not applicable.

3

Court in *Mejia* and *Moffatt* principally relied on *Tomayko v. Thomas*, 143 So. 2d 227 (Fla. 3d DCA 1962), a case that was decided before § 56.29 was amended in 1967 to eliminate the return requirement. *Id.*; *see Bleidt v. Lobato*, 664 So. 2d 1074, 1074–75 (Fla. 5th DCA 1995) (en banc) ("The amended version of the statute eliminates the requirement that the writ of execution be returned unsatisfied so that the judgment creditor need only have a writ of execution which remains unsatisfied."); *Standard Prop. Inv. Trust, Inc. v. Luskin*, 585 So. 2d 1099, 1101 (Fla. 4th DCA 1991) (noting that "[a]lthough some of these cases post-date the amendment, they nevertheless repeat the old statutory requirements [because] the statutory change in the requirements was either overlooked or the statements in those decisions were simply wrong."); *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So. 3d 1035, 1037 (Fla. 2d DCA 2011).

Accordingly, this Court, pursuant to *Luxor*, declines to follow the holdings in *Moffatt* and *Mejia*. The Plaintiff here has met the statutory jurisdictional requirements for supplemental proceedings by having an unsatisfied writ of execution and averring in an affidavit that the writ of execution is valid and outstanding.

### B. Appointment of a Special Magistrate

Plaintiff requests that the Court, pursuant to § 56.29(4), appoint retired Palm Beach Circuit Court Judge John Phillips as Special Magistrate[4] to report findings of fact and law. ECF No. 60 ¶ 7. Defendant in its Response argues that "Plaintiff did not provide a single reason why a special magistrate should be appointed at this juncture." ECF No. 61 at 4. In its Reply, Plaintiff argues for the appointment of a Special Magistrate, on the grounds that "Defendant has transferred substantially all of its assets without consideration." ECF No. 63 at 3. According to Plaintiff, a

---

[4] Plaintiff refers to "Special Master" and "Special Magistrate" interchangeably throughout its Motion.

Special Magistrate should be appointed to act as a finder of fact and to provide a speedy and efficient mechanism for locating debtor assets. *Id.*

Plaintiff has not demonstrated to the Court why a Special Magistrate is necessary in this matter. Although the Court does not take issue with the qualifications of the retired judge that has been proposed, Plaintiff has not provided any reason why the discovery tools at its disposal are inadequate for locating Defendant's assets. Plaintiff has also failed to provide any detail as to the parameters of the Special Magistrate's authority or any other detail as to what the Special Magistrate duties and responsibilities would be in this matter. Without any information as to why the Special Magistrate would be necessary and/or what the Special Magistrate would be expected to do, the Court declines to recommend such an appointment at this time. Should the need for a Special Magistrate arise at a later time, the parties may seek such relief from the Court and include the specific reasons a Special Magistrate is warranted, as well as a detailed proposal of what duties will be assigned to the Special Magistrate. Therefore, Plaintiff's request for the appointment of a Special Magistrate should be **DENIED WITHOUT PREJUDICE**.

### III.      RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Commence Proceedings Supplementary and for Appointment of Special Magistrate be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's request to commence proceedings supplementary should be **GRANTED**. Plaintiff's request to appoint a Special Magistrate, however, should be **DENIED WITHOUT PREJUDICE**.

### IV.     OBJECTIONS

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Any request for an extension of this deadline must be made within seven calendar days from the date of this Order. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report to which the parties failed to object. 28 U.S.C. § 636(b)(1); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of February, 2019.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
Honorable Chief Judge K. Michael Moore
All counsel of record